IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

_____
                                    )
JAMES ALEXANDER CETTO, II, et al.,  )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )    Civil Action 05-19
                                    )
                                    )
WILSHIRE CREDIT CORPORATION, et al.,)
                                    )
        Defendant.                  )
_____)

**ORDER**

This matter comes before the Court on Defendant Savings First Mortgage, LLC's Motion to Dismiss Counts III and IV of Plaintiffs' Complaint.

Count III of the Complaint alleges a violation of the Virginia Consumer Protection Act ("VCPA"). Va. Code Ann. § 59.1-196 (2001). The transaction at issue involves a home mortgage loan in which Defendant Savings First acted as the mortgage broker. Specifically, Plaintiffs allege that Defendant misrepresented its affiliation with Defendant Accurate Settlement Services, failed to disclose various points and finance charges associated with the loan, and inflated the charges and total amount of the loan.

Count I of the Complaint alleges various violations of the Truth in Lending Act ("TILA"). 15 U.S.C. § 1601, et seq. (1998) Plaintiffs assert that Defendant included in the amount financed,

closing costs that were not "bona fide and reasonable," failed to provide notice of Plaintiffs' right to rescind, and failed to provide various disclosures required under the Home Owners and Equity Protection Act of 1994.  15 U.S.C. §§ 1602(aa), 1639 (1998).

The VCPA explicitly excludes from its purview, "[t]hose aspects of a consumer transaction which are regulated by the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq." Va. Code Ann. §59.1-199(C) (2001).  In the case at bar, Defendant's failure to accurately disclose the finance charges, amount financed, and payments to its affiliates form the basis for both its claims under VCPA and under TILA.  Because both causes of action arise out of the same nucleus of operative facts, Plaintiffs' claim under VCPA should be dismissed.

Count IV alleges a breach of fiduciary duty.  This Court is of the opinion that Plaintiff has stated a claim upon which relief may be granted and it is hereby,

ORDERED that Defendant's Motion to Dismiss is GRANTED as to Count III and DENIED as to Count IV.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 22, 2005